Per Curiam.

The only question at the trial was as to an alleged variance between the covenant declared on, and the one produced in evidence. It does not appear, from the case, what was the breach alleged. So far as the covenant appears to-be set out in the declaration, there is no variance. The variance stated is in matter omitted to be set out in the declaration. But if this is matter not necessary to be set out, for the purpose of assigning the breaches relied on, it is no variance. The plaintiff is not obliged to set out the whole agreement: it is enough for him to state so much as constitutes the agreement, the breach of which is relied on. (6 East, 569.) If he had undertaken to set it out, and a variance appeared, a different question might be presented. (1 Chitty, 302. Doug. 642.) The variance alleged in this case, is omitting to state, in the declaration, what appears in a note to the agreement, more particu *403 ■larly designating the place where the saw-mill was to be built, This may, probably, be considered a part of the agreement; and if the breach assigned was in not building the saw-mill in the place agreed on, this might have been a material part. But if the breach did not arise under this part of the agreement, and we must presume, from the case, that it did not, then it was unnecessary to set it out in the declaration; and, if not set out, then there is no variance. This is an objection that ought not to be encouraged. The defendant has not been surprised. He had oyer of the whole agreement; and, if there was a material variance, he should have demurred for that cause. In? stead of this, he has pleaded non est factum. (8 Johns. Rep. 410.) But there is no material variance. The nonsuit must be set •aside, and a new trial granted.
New trial granted.