Spencer, Ch. J.,
delivered the opinion of the court. The plain tiff moves for a new trial, on two grounds: 1st. That parol evidence to prove the notes received by the plaintiff, or their contents, was inadmissible, no notice having been given to produce them.
2d. That the covenant to pay 150 dollars in obligations, at the time and on the executing and delivery of the deed, was not satisfied, by the delivery of notes producing no avails.
As to the first point, the case does not state the nature oí the pleadings, and we ought to intend that the defendant either pleaded or gave notice that he would give in evidence, that he had delivered to the plaintiff, pursuant to the covenant, at the time of the execution and delivery of the deed, *obligations amounting to one hundred and fifty dollars, which were then and there accepted. This we ought the more strongly to presume, because it is not made an exception that the pleadings would not have authorized the admission of the proof. If so, then the principle of the case of the People v. Holbrook applies. (13 Johns. Rep. 92.) After reviewing all the cases, we held that in an action of trover for bonds or notes, no notice to produce the thing sought to be recovered was necessary; and that where the form of action gives the party notice to be prepared to produce the instrument, if necessary to falsify the evidence of the other party, it is not necessary to give notice to produce the instrument.
These principles apply directly to this case: The form of the pleading, we must presume, gave the plaintiff notice, that he had received, and had in his possession, obligations amounting to more than 150 dollars ; he was bound, then, if he would falsify the allegation, to have come prepared to produce them.
The payment of 400 dollars in money, and 150 dollars in obligations, and the execution and delivery of the deed, were dependent acts, and to be performed simultaneously, in Whitbeck v. Van Ness, (11 Johns. Rep. 411.) all the cases in which the delivery and acceptance of a bill or note would or would not be a payment, were examined and reviewed, and the result was, that taking a bill or note, for goods sold at the time, was a payment, because it was part of the original contract, but that for a precedent debt, the acceptance of a bill which turned out to be bad, was no payment. Among other cases, we referred to that of the Bank of England v. Newman, *235 (1 Lord Raymond, 442.) in which Lord Holt ruled, that if a iuau has a hill, payable to him or bearer, and lie delivers it over, for money received, without endorsement, this was a plain side oí' the bill, and he who sells it does not become a new security. In the present case, the notes were not deliver:ed in satisfaction of a precedent debt; they were delivered on the original contract, and the defendant did not endorse them, nor was he required to do so: They were taken then at the peril and risk of the plaintiff, as regarded *the solvency of the drawers, unless, indeed, there were fraudulent representations, or a fraudulent concealment of facts. No such representations or concealment, however, were pretended, and had they existed, the plaintiff could not have availed himself of such facts in this case, which is an action of covenant for the non-delivery of the oblfoaiimts. The mere question was, whether obliga-tiuiw to the amount stipulated had been delivered. The nature of the issue shut out all inquiry as to the solvency of the drawers uf the notes, or fraud in passing them.
Motion for a new trial denied, (a)

 Vide Robb y Montgomery, 20 Johns. Rep. 15. Parker v. Parmela, Ibid. 130. Hudson v. Swift, Ibid. 24. Canfield v. Wescott, 5 Cowen, 270, 271. Note a, Tompkins v. Elliot, 5 Wendalls Rep. 496.