NEW-YORK, May, 1822.

THE PEOPLE
v.
SMITH.

## The PEOPLE *against* SMITH.

ON *certiorari* to the General Sessions of *Erie*.

*Smith*, who was one of the Justices of the Peace of the county of *Erie*, was indicted at the Court of *General Sessions of the Peace* of the county, for a misdemeanour, under the *fourth* section of the act, passed *April* 7, 1820, (sess. 43. ch. 159.) which enacts, "that it shall not be lawful for any Justice of the Peace to issue or deliver to any constable, or to any other person, any blank summons, warrant, or other process, signed by such Justice, in which the names of the plaintiff and defendant, and the cause of action, or either of them, shall be omitted:" &c. The defendant was tried and convicted; but judgment on the verdict was respited, and the proceedings removed by *certiorari*, for the opinion of this Court.

From the written report of the evidence, made by the Judges of the Court of Sessions, it appeared, "that one *Tor-ry* requested of the Justice a summons, in favour of *T*., against one *W. Keane*; that *T*., the plaintiff, was in haste, and the Justice being then engaged in business, desired *T*. to call and get the summons at some other time, or on the next day. But *T*. informed the Justice, that it was necessary to have the summons at that time; and that he would put in his name as plaintiff, and *William Keane* as defendant; and afterwards, and before the delivery of it to the constable, he so filled it up accordingly." The summons was served, and returned to the Justice; his signature being subscribed to it. The proof of these facts, by *parol* evidence, was objected to by the attorney for the prosecution, on the

*If a Justice delivers to a party a summons, signed by him, in blank, to be filled up with the names of the parties, cause of action, &c. in his presence, and under his control, it is not a violation of the fourth section of the statute, (sess. 43. ch. 159.) passed April 7, 1820. Aliter, if the party receiving a blank summons, fills it up out of the presence of the Justice, though before it is delivered to a constable to be served.*

NEW-YORK,
May. 1822

HEMPSTEAD
v.
WEED.

ground that no notice had been given to produce the summons; but the objection was overruled by the Court below.

PLATT, J., delivered the opinion of the Court. The objection to the parol evidence of the summons was properly overruled. The summons was in the possession of the defendant, and the indictment was ample notice to produce it. (*The People* v. *Holbrook*, 13 *Johns. Rep.* 90.) But the evidence, as detailed to us, does not contradict the supposition that *Torry* filled up the summons in the presence of the Justice; and if so, there was no violation of the statute. The only question in the case turns on the fact, whether the Justice delivered the summons, signed by him, in blank, and to be filled up by *Torry*, out of the presence, and beyond the control of the Justice; or whether *T.* filled it up as the mere clerk of the Justice. The former would be a violation of the statute; but the latter not so. Upon the evidence reported to us, we think there ought to be a new trial; and that the proceedings should be remanded to the Court of Sessions for that purpose.