Williams *v.* Healey.

## WILLIAMS *vs.* HEALEY.

By articles of agreement A. covenanted to sell a lot of land to B. at a certain price per acre, and to have the same surveyed by an individual named, and on a certain day *to exhibit to B. a certificate of clear unincumbered title to the premises,* and to execute a conveyance ; and B. was at the same time to give his bond for the purchase money, payable at a future time, and a mortgage covering the premises purchased, and other lands owned by B. of which he was to exhibit a like certificate of title : in covenant by B. for the *non-performance* of A., *held* that the covenants were dependant, and that the plaintiff in declaring must aver a tender of performance on his part.

*Held also,* that inasmuch as B. *could* procure and exhibit a certificate of title to the lands owned by him which were to be included in the mortgage, *without waiting* for any thing to be done by A., he must aver that he had done so.

And where there was a provision in the contract, that any disagreement as to its construction, and also the sufficiency of the certificates of title, should be submitted to and determined by two persons named, *held* that such provision need not be noticed in the declaration.

DEMURRER to declaration. The plaintiff declared in covenant upon a contract for the sale of lands and personal property, the plaintiff being the vendee. The contract was dated February 22d, 1841. By its terms the defendant covenanted to execute to the plaintiff a good and sufficient deed, with full covenants, of certain premises in the Onondaga reservation, described by metes and bounds, containing "about two hundred acres as it is supposed ;" and also to convey to the plaintiff thirty sheep, and the plaintiff's hay on the premises. The defendant was to cause the premises to be surveyed by George Geddes, and was to execute and deliver the deed to the plaintiff, at the Syracuse House on the second Monday of April then next, and to procure and exhibit at that time a certificate of a clear unincumber-

ed title to the premises, provided the plaintiff "complied with the following conditions," which he covenanted to do. The conditions were that he should pay the defendant fifty dollars an acre for the land, except ten acres of it, in instalments of one thousand dollars each, the first instalment to be paid in one year from the first day of May then next, and annually thereafter, until the whole should be paid. With the first instalment, interest was to be paid on the uncleared land, and with the other payments, interest was to be paid on the whole principal remaining unpaid. To secure these payments, the plaintiff was to execute his bond and a mortgage of the land purchased, and also of about seventy-one acres of land owned by him in Pompey, which mortgage was to contain some special covenants not material to be stated: and he was to procure, and on the said second Monday of April, to exhibit to the defendant a certificate of an unincumbered title to the land in Pompey. For the performance of the agreement the parties respectively bound themselves in one thousand dollars as liquidated damages. The concluding sentence of the agreement was as follows: "Any disagreement in the construction of this agreement is to be submitted to D. Gott and B. Davis Noxon, and the sufficiency of said certificates of title and the proper form of said conveyances is also to be determined by said Gott and Noxon." The plaintiff averred that he was ready and willing on the day mentioned to perform the agreement on his part, and then and there *offered* to do so according to the tenor and effect of the agreement. Breach; general non-performance by the defendant, and particularly that he did not at the time and place mentioned in the agreement, nor would cause the premises to be surveyed by George Geddes, and did not nor would on said second Modday of April execute and deliver the deed, nor exhibit to the plaintiff a certificate of his title to the premises. The *second count*, after setting out the contract, averred that on the day mentioned, at the Syracuse House, the plaintiff was ready and willing and desired to perform on his part and offered the defendant to do so, but was *prevented* from performing by the failure of the defendant to execute the deed and to furnish a survey of the

premises, made by Geddes, by reason of which the plaintiff was unable to prepare and execute the mortgage. Breach, that the defendant did not nor would cause the premises to be surveyed by Geddes, nor on the day mentioned in the agreement execute the deed, nor exhibit the certificate of title. The amount specified as liquidated damages was claimed in each count. The clause providing for the submission of certain matters to the two gentlemen named was not set out or noticed in the declaration. The defendant craved *oyer*, and the contract was set out. Special demurrer and joinder.

*B. D. Noxon*, for the defendant. 1. In the case of mutual and dependent covenants, of which this contract is an example, the plaintiff must aver performance on his part, or an offer to perform. (20 *John.* 130; 5 *id.* 179; 7 *id.* 330; 8 *id.* 615; 9 *id.* 529; 11 *id.* 67.) 2. And the rule is particularly strict where a penalty or a sum agreed upon as liquidated damages is sought to be recovered. (11 *Wend.* 67.) 3. A general averment of an offer to perform is not enough, but the plaintiff must shew precisely what he has offered to do. (24 *Wend.* 153, *and the cases there cited.*) 4. Both counts are bad according to the foregoing rules. The plaintiff was to exhibit a certificate of his title to the additional lands to be mortgaged before the defendant was called upon to do any thing. It is not averred that he offered to do this. 5. The concluding clause of the contract is not referred to in either count. It was a necessary qualification of the covenants and should have been set out as a part of the agreement. (14 *John.* 400.)

*M. T. Reynolds*, for the plaintiff. 1. The plaintiff's covenants were not conditions precedent. The acts to be performed by the defendant must necessarily precede those to be done by the plaintiff. (2 *John.* 148; 1 *East*, 203; 15 *John.* 149; 7 *T. R.* 125; 2 *B. & P.* 457; 21 *Wend.* 637; 5 *Hill*, 107.) 2. But if this were otherwise, the second count alleges a sufficient excuse for the plaintiff's non-performance. (16 *Mass.* 161; 1 *Caines,* 45.) The demurrer being to the whole declaration, the

plaintiff must have judgment if there is one good count. 3. The concluding clause of the contract was not material to the statement of the plaintiff's case. If available to the defendant it was for him to set it up. (1 *Saund.* 233, *note* 2; 2 *id.* 366, *note* 1; 1 *T. R.* 638, 645.)

*By the Court,* JEWETT, J. It is well settled that where the covenants between the parties are mutual and both parties are to perform at the same time, the covenants operate as mutual conditions, and neither party can maintain an action, until he has performed or tendered a performance of his part of the agreement. But when it appears from the terms of the agreement, or the nature of the case, that the things to be done were not intended to be concurrent acts, but the performance of one party was to precede that of the other, then he who has to do the first act may be sued, although nothing has been done or offered to be done by the other party. (*Morris* v. *Sliter,* 1 *Denio,* 59.)

It is obvious from the reading of this agreement, that the covenants were dependent and to be performed at the same time. The defendant was to cause the premises which he contracted to sell, to be surveyed by a person named, and to procure and exhibit a certificate of a clear unincumbered title to the same, and to execute to the plaintiff a good and sufficient deed for the conveyance of the premises, with full covenants; and was also to convey to the plaintiff the personal property referred to, on a day and at a place specified in the contract. The plaintiff on his part, at the same time and place, was to procure and exhibit to the defendant a certificate of an unincumbered title to his land in Pompey, and to secure the payment of the purchase price of the premises he was purchasing by executing his bond to the defendant for such purchase money, together with his mortgage upon the premises purchased, covering also his own land in Pompey.

Where the consideration of the defendant's contract is executory or his performance is to depend on some act to be done or forborne by the plaintiff, or on some other event, the plaintiff must aver the fulfilment of such condition precedent—whether

Williams v. Healey.

it is in the affirmative or negative, or to be performed or observed by him or by the defendant, or by any other person, or must show some excuse for the non-performance. (1 *Chitty's Pl. ed.* 1812, 309; *Dakin* v. *Williams*, 11 *Wend.* 68; *Com. Dig. Pleader*, *C.* 59; *Thomas* v. *Van Ness*, 4 *Wend.* 553; *Wright v. Tuttle*, 4 *Day*, 313.) But when the agreement between the parties contains reciprocal covenants constituting mutual conditions, to be performed at the same time, it has been often said to be sufficient for the plaintiff to aver a readiness to perform his part of the contract and a neglect or refusal of the defendant to perform his part. (1 *Chitty's Pl.* 309; 1 *Saund.* 320, *note* 4; 2 *Saund.* 352, *note* 3; *Miller* v. *Drake*, 1 *Caines*, 45; *Rawson* v. *Johnson*, 1 *East*, 203; *Topping* v. *Root*, 5 *Cowen*, 404; *Porter* v. *Rose*, 12 *John. Rep.* 209; *West* v. *Emmons*, 5 *id.* 179.) It is now settled, however, that a mere readiness to perform in such case is not sufficient, but the plaintiff must aver a *tender* of performance on his part. (*Johnson* v. *Wygant*, 11 *Wend.* 48; *Parker* v. *Parmele*, 20 *John. Rep.* 130.)

If the vendor sues for the consideration money, he must aver a tender of such deed, as by the terms of the contract he was to give. If the action is by the vendee against the vendor, for not conveying, the plaintiff must aver a tender of the consideration money before suit brought. In this case the plaintiff among other things covenanted to procure and exhibit to the defendant, at the time and place mentioned, a certificate of an unincumbered title to the premises he owned in Pompey. He clearly had the power to perform that, without any act being previously necessary to be done by the defendant to enable him to do it. And there is good reason that it should precede the making of the conveyance by the defendant. And having the power to do that, without any act being previously done by the defendant, it was necessary in order to put the defendant in default to aver performance in that respect. The plaintiff, it is true, could not have executed a bond and mortgage, until the defendant procured the premises to be surveyed; for until then, the quantity of land purchased, and consequently the amount to be secured, could not be known to either party.

The averment in the declaration should have been that the plaintiff had procured and exhibited to the defendant the certificate referred to, and that he was ready and willing, and had offered to execute the bond and mortgage, upon the defendant's executing a deed for the premises purchased and conveying the personal property. It follows that the first count is bad for want of such an averment as has been mentioned.

The second count assumes that the performance of the plaintiff's covenants was a condition precedent to the performance by the defendant of the things to be done by him. It does not allege performance by the plaintiff, but sets up that performance was excused by the delinquency of the defendant. In averring an excuse of performance by the plaintiff, the rule requires him to state his readiness to perform the act, and the particular circumstances which constitute such excuse. He must in general show that the defendant either prevented the performance, or rendered it unnecessary to do the prior act, by his neglect, or by his discharging the plaintiff from performance. Assuming as this count does, that the plaintiff's performance was a precedent condition to the defendant's obligation to perform, I am inclined to the opinion that the count is bad, for not showing that the plaintiff procured and exhibited to the defendant a certificate of an unincumbered title to his premises in Pompey. The excuse given for not executing a bond and mortgage is well enough. The averment shows that the plaintiff was ready and willing to execute, but that he was prevented by reason that the defendant failed to furnish a survey of the premises as he had covenanted to do: but his failure in that did not preclude the plaintiff from furnishing the certificate. He should have averred that he did procure and exhibit it to the defendant and was ready and willing to execute the bond and mortgage, showing thereby a performance of every thing which it was in his power to perform and an excuse for the non-performance of the residue.

I do not think it was essential for the plaintiff to take notice of the clause of the agreement providing for the reference of certain matters to the decision of Messrs. Gott and Noxon. A par-

ty declaring on an agreement need only state so much of it as constitutes the engagement the breach of which is relied on. If however the defendant's covenants are qualified, or the plaintiff's covenants are enlarged by the further provision, it must be stated. (*Henry* v. *Cleland*, 14 *John.* 400; 1 *Chitty's Pl.* 302; *Clarke* v. *Gray*, 6 *East*, 564; *Sandford* v. *Halsey*, 2 *Denio*, 253.) Such is not the case here. It is said that the respective certificates of title were to be submitted to the gentlemen named before they became perfect. It seems plain to me that such reference and approval was contemplated only in case the parties disagreed. Until then there was no necessity of resorting to the agency of these referees, and such an exigency had not arisen when this suit was brought.

The declaration is however defective for the reasons before mentioned. The defendant is therefore entitled to judgment with the usual leave to amend.

Judgment for the defendant.