## Culver *vs.* Burgher.

Upon a sale of mortgaged premises under a decree of foreclosure, the same were struck off to the defendant, at the sum of $600. He paid $100 at the time, and gave his promissory note to the holder of the mortgage, for the balance of his bid ; receiving from the attorneys of such holder, a writing reciting the facts, and stating that he, the defendant, was "to have a title on the payment of the said note." *Held* that the promises or undertakings were mutual and dependent; that the title to the land, and the payment of the money, were to be simultaneous acts ; and that the plaintiff could not enforce the payment of the note until he had performed, or tendered performance, of the agreement, on his part.

THIS was an appeal, by the defendant, from a judgment rendered upon a trial before the court without a jury. The action was upon a note, or due bill, for $500, executed by the defendant to the plaintiff, dated January 2, 1854. The note was given upon a mortgage foreclosure sale, made by the attor-

Culver v. Burgher.

neys of the plaintiff, for a part of the consideration money bid by the defendant, upon such sale. The attorneys of the plaintiff, at the time they took the note, executed to the defendant a writing which stated " that Burgher has this day purchased on a mortgage sale by virtue of a mortgage executed and delivered by Nelson Chapman about the 4th of February, 1851, to Benjamin Chamberlain, and by him assigned to Robert Culver, the premises therein described, for the sum of $600. He has paid one hundred dollars down, and given his note due immediately, for five hundred dollars and interest. He is to have a title on the payment of said note, dated January 2, 1854." The agreement was given in evidence by the defendant upon the cross-examination of the plaintiff's witness. It was objected to by the plaintiff, and he excepted to its admission. The defendant moved for a nonsuit, which was refused, and the defendant excepted. The court ordered judgment for the plaintiff, for the amount of the note, and the defendant excepted.

*Weeden & Henderson*, for the plaintiff.

*M. T. Jenkins*, for the defendant.

*By the Court*, MARVIN, J. At the mortgage sale the defendant bid $600 for the premises: he paid in cash, at the time, $100, and gave his due-bill, payable to the owner of the mortgage, the plaintiff, for $500, the balance of his bid. And the attorneys of the plaintiff executed to him a writing, reciting the facts, and declaring that " he [the plaintiff] is to have a title on the payment of the said note." We have here the agreement upon which the note was given. No question is made as to the authority of the plaintiff's attorneys to enter into the contract. Nor can any be made in this action, as the plaintiff accepted the note, and has brought an action upon it. He has thus adopted the acts of his attorneys. The plaintiff could not enforce the payment of the note until he had performed or tendered performance of the agreement, on his part. The defendant had a right, at the time of payment, to have a

title to the land, under the foreclosure. The promises or un-
dertakings were mutual and dependent, and the title to the
land, and the payment of the money were to be simultaneous
acts. The plaintiff should have caused the proper papers to be
prepared for perfecting the title in him, and should have ten-
dered them to the defendant before bringing his action upon the
note. The rule is well settled that the vendor of land cannot
maintain an action for the price of the land, when the cove-
nants or promises are mutual and dependent, until he has ten-
dered performance on his part. If the consideration is to be
paid by the vendee and the conveyance is to be made by the
vendor at the same time, the vendor must prepare and tender
the conveyance before he brings his action. When the deed is
to be given *on* or *upon* the payment of the consideration, the
acts of paying and conveying are concurrent acts. (*Hardin* v.
*Kretsinger,* 17 *John.* 293. *Robb* v. *Montgomery,* 20 *id.* 15.
*Judson* v. *Wass,* 11 *id.* 525. *Johnson* v. *Wygant,* 11 *Wend.*
48. *Williams* v. *Healey,* 3 *Denio,* 363.)

We can take no notice of the exception taken by the plain-
tiff. The evidence objected to was admitted, and is a part of
the case.

. The judgment must be reversed, and a new trial had; costs
to abide the event. .

[ERIE GENERAL TERM, January 14, 1856. *Bowen, Mullett* and *Marvin,*
Justices.]