Thomas v. Wickmann.

---

## Margaret Thomas *v.* Albert Wickmann.

Where by the terms of a contract of sale of real estate, a day is fixed for the payment of money by the vendee, and the delivery of a deed by the vendor, the vendor is bound to seek the vendee and tender the deed, or by some act call upon him to perform his contract, before he can place the vendee in such a position as will work a forfeiture of a sum paid on account of the purchase price.

The fact that the vendee quits the premises before the day agreed upon for the delivery of the deed, does not absolve the vendor from his obligation to tender a deed, if he wishes to put an end to the contract.

And the vendee having subsequently made a tender of performance of his part of the contract may, on refusal of the vendor to deliver a deed, recover a sum paid under the contract.

A declaration by the vendee's attorney, made prior to the day on which the title was to be passed, that the vendee did not want the title—*Held*, no evidence that the vendee did not intend to complete the contract on the day specified in the contract; and would not excuse the vendor's default to perform or tender a performance of his part.

In an action by a married woman to recover money paid by her, the question whether the money so paid was her separate property or not, is one of fact which it is proper to submit to a jury.

Thomas v. Wickmann.

APPEAL by the defendant from a judgment of the Fifth District Court.

The action was brought by plaintiff, a married woman, to recover the sum of one hundred and fifty dollars, paid by her to the defendant on account of a purchase of real estate. The further sum of eight hundred and fifty dollars was to be paid a month later, when a mortgage was to be given for the balance of the purchase price, and the defendant was to deliver his deed. The plaintiff entered into possession; but prior to the day agreed upon when the deed was to be delivered, the money paid and the mortgage executed, she abandoned the premises.

The day agreed upon to close the business having passed, the defendant resumed possession of the premises, without making a tender of any deed. Subsequently, the plaintiff made a tender of the money to be paid, and of a mortgage. The defendant declined to deliver a deed, or to refund the one hundred and fifty dollars paid by the plaintiff.

The plaintiff obtained judgment, and the defendant appealed to the Common Pleas.

The grounds of the appeal are fully stated in the opinion of the Court.

*Philip S. Crooke* for appellant.

I. The sum paid by the plaintiff was abandoned, and forfeited by her; and no action lies to recover it back. *Hunt* v. *Siek*, 5 East, 449; *Beavan* v. *McDonnell*, 26 Eng. L. and E. 540.

II. The money was the property of plaintiff's husband, and this was not a question of fact for the jury.

*John Anderson, Jr.* for respondent.

BY THE COURT.—BRADY, J.—The money paid by the plaintiff was borrowed by her, and the fact also was shown that he had deposited in bank a sum of money given to her by her father, and which she had continued to hold as her separate

Thomas v. Wickmann.

estate. It belonged to her, therefore. There is no evidence in the case to show the husband's liability for the money thus borrowed, or that he ever had it in his possession, and there are no facts or circumstances from which it may be inferred that such money was his. If a right of action to recover it existed in any person, it was in the plaintiff. The charge of the justice, therefore, that whether the money was her separate property or not, was a question of fact, was not exceptional, because it could by no possibility have injured the defendant. It was more favorable to him than was warranted by the facts proved. By the contract of sale, the plaintiff was to execute a mortgage to secure the sum of seven hundred and fifty dollars, and was to pay eight hundred and fifty dollars on the delivery of the deed, on or before the 26th July, 1859. She took possession of the premises on the day after the contract was made, 29th June, 1859, but abandoned the premises prior to the 26th July following, when the deed was to be delivered. The defendant, after that day, assuming that the plaintiff was in default, took possession of the premises, and made repairs at his own expense. He did not seek the plaintiff, and tender a deed, or by any other act, call upon her to perform her contract, or place her in such a position that unless she did perform her agreement, she would forfeit the sum paid. Subsequently the plaintiff, through her attorney, offered or tendered the money, eight hundred and fifty dollars and the mortgage, and demanded a deed or the money paid. The defendant declined to give either. On these facts the plaintiff was entitled to judgment. The plaintiff was not in default. She had not been tendered the deed, and by the terms of the contract, she was not to pay the balance of the consideration, or give a mortgage, until the deed was delivered. The removal from the premises did not absolve the defendant from his obligation to tender a deed, if he wished to put an end to the contract. He could not hold the money paid, unless the plaintiff was in default. It is well settled (JEWETT, J.), that where the covenants between the parties are mutual, and both are to perform at the same time, neither party can maintain an action until he has performed, or tendered performance of his part of the agreement. *Williams* v. *Healy*, 3 Denio, 363; *Dakin* v. *Williams*, 11 Wend. 65; 2 Parsons on Contracts, 41, *note e.* The

defendant having failed and refused to perform, was himself in default, and could not withhold the money. He seems to rely, however, on the declaration of Mr. Anderson, the attorney-at-law of the plaintiff, made on the 15th of July, 1859, that "she did not want the title"; but assuming that such was the fact, it is no evidence to show that she did not want it on the 26th of July, 1859, until which day she had to complete her contract. Whether the declaration of Mr. Anderson was a conclusion of his own or the avowed wish of the plaintiff does not appear.

I think the judgment should be affirmed.