### THE PEOPLE vs. EDWARD DILLARD.

1. Amendment of information allowed after new trial granted.
2. The amended information described the contents of a bank check. *Held*, that parol evidence might be given by the prosecution of its contents without notice to produce or accounting for its non-production, it appearing by testimony of prosecutor that the check had been obtained from him by prisoner by false pretences, and that he (prosecutor) had never since seen it.

*Houghton Circuit, January*, 1870.

The respondent was charged in the information with "obtaining from John Betgir fifty dollars lawful money," by certain false representations, &c., under Act No. 164, *S. L.* 1867.

The proof showed that the property actually obtained from the prosecutor by respondent, was a check of that amount drawn by an officer of a corporation upon a bank in Houghton county. The jury found the prisoner guilty, contrary to the charge of the Court upon this and other variances between the allegations of the information and the evidence upon the trial. A new trial was granted. Thereupon the prosecuting officers

asked leave to file an amended information, charging the respondent with "obtaining a certain bank check of the value of fifty dollars, the property of," &c.

It appeared from the return of the evidence taken on the preliminary examination, that all of said evidence showed that it was a "bank check" and not "money" that had been obtained from the prosecutor.

The Court permitted the amendment to be made, in view of the fact that the respondent was fully apprized by the evidence on the preliminary examination that he was charged with obtaining a bank check, and not money, (as the original information erroneously alleges) he cannot be taken by surprise by the amendment. The allowance of the amendment could do the respondent no injustice, and the Court was of opinion that this case was within the statute of amendments.

On the second trial on the information thus amended, the people having proved by the prosecuting witness that the respondent, at the time and place, and on the representations charged in the information, obtained from him a bank check worth the sum of fifty dollars, and that the witness had never since that time seen it, were further proceedings to prove by him the contents of the same as set out in the information. (It had appeared in evidence that the bank on which the check was drawn, in the regular course of business, returned to the drawers of them, checks presented and paid.) To this proof defendant's attorney objected on the ground that the contents of a written instrument could not be proved by parol—citing numerous authorities, and arguing that the people were bound to produce the check or account for its absence, especially since it appeared in proof that the check, if paid, would come into the hands of the drawer of it by the regular course of business; that no effort is shown to have been made on the part of the people to obtain the check either at the bank or from the drawer.

Counsel for the prosecution contended that the instrument sought to be proved, being shown to have been delivered to respondent, its contents might be proved by parol, without fur-

ther accounting for its absence, or giving notice to produce it, citing *People vs. Holbrook*, 13 *Johns.* 90.

*Hubbell & Chadbourne* for the People.

*Dan. H. Ball* for Respondent.

*By the Court*, O'GRADY, J.—The evidence is admissible, the presumption now being that the check is in respondent's possession. When last seen it was in his hands. It will be presumed he still has it. Nor is it necessary for the people to call the officers of the bank to show its payment or non-payment there. The information gave respondent notice to produce the check. The case of *The People vs. Holbrook*, cited by counsel, is conclusive upon this point. See, also, *Hardin vs. Kretsinger*, 17 *Johns.* 293 ; *People vs. Smith*, 20 *Johns.* 63.

It appeared in evidence that the drawer of the cheque had sufficient funds in bank to meet it at the time respondent obtained it and long afterwards.

At the request of the prosecution, the Court charged the jury, among other things, as follows : ·

"If by the act of the defendant in obtaining the check (provided the jury finds the other fact necessary for conviction), complaining witness suffered loss, then the defendant may be convicted though he derived no benefit from his fraudulent act ;"

—and refused the following request of the defendant's counsel :

"If defendant received the check in the manner alleged, and still holds it, it is harmless in his hands, and unless the jury find from the testimony that defendant negotiated the check or received money on it, or some benefit from it, he must be acquitted ; citing *People vs. Stone*, 9 *Wend.*, 182 "

Defendant was convicted.