[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 482 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 483 
The contract between the parties to the action was mutual, and neither could recover against the other for a breach of its terms, or put the other in default, without a tender of performance, or at least proof of a readiness and willingness to perform. An actual tender of performance may be excused when there is a willingness and an ability to perform, and actual performance has been prevented or expressly waived by the parties to whom performance is due. (Franchot v. Leach, 5 Cow., 506;Traver v. Halsted, 23 Wend., 66; Cort v. Ambergate, etc.,R. Co., 17 A. E. [N.S.], 127; Hochester v. De La Tour, 2 E. B., 678.)
The plaintiffs agreed to furnish to the defendant, at its elevator in Buffalo, to be elevated and stored, between the dates mentioned, 500,000 bushels of grain, and to pay for the elevating and storage thereof a specified rate per bushel; and the defendant agreed to receive and store the grain, as should be required by the plaintiffs, for the stipulated compensation. The breach of the contract alleged is, that the defendant refused to receive and store grain under the agreement. It is not, however, averred in the complaint that the plaintiffs or any other person had grain for delivery to the defendant to be elevated and stored, or that the plaintiffs were ready or willing, or could have furnished or delivered grain to the defendant under the contract, and the proof on the trial did not cure the defect in the complaint. The proof was that neither the plaintiffs nor Lincoln Co., who claimed rights under the agreement, had grain, to be elevated or stored, in Buffalo at the time of the alleged breach of the contract by the defendant, or at any time thereafter, or that they were prevented from procuring and having the grain by reason of the refusal of the defendant to receive it. *Page 485 
In Ogden v. Marshall (4 Selden, 340), the statement of the case is that the plaintiff proved the contract of the defendant to receive and carry the corn, as alleged in the declaration, "and the refusal to receive the corn on board the vessel," and that, immediately after the contract and before the sailing of the vessel, the price of freight to Liverpool rose three-pence sterling per bushel. It would seem that no question was made upon the trial as to the readiness of the plaintiff to deliver the corn on board the vessel, or the refusal of the defendant to receive it, and the consequent breach of the agreement. The only question presented by the record was as to the measure of damages, and that is the only question considered by Judge JEWETT in the prevailing opinion, or passed upon by the court. The question considered by Judge WILLARD does not appear to have been in the case.
The plaintiffs here were not in a condition, or ready, or willing to perform the contract on their part, or furnish the grain, and the defendant at no time had the opportunity to perform on its part. The proof did not sustain the allegation of the complaint, that the defendant refused to receive and store grain. The referee has found, in accordance with the evidence, that the defendant refused to accept or recognize an order from the plaintiffs, in favor of Lincoln Co., to store 100,000 bushels of grain. The defendant was not required, by the terms of the contract, to accept such order or to come under any obligation other or different in form from the contract itself, and whether the reason assigned was true in fact was not material. The refusal was to do that which neither the plaintiffs nor Lincoln Co. had a right to demand, and constituted no breach of the contract.
No cause of action is averred in the complaint or was proved on the trial. Neither was there any competent proof of any damages sustained, either by the plaintiffs or Lincoln Co. They sustained no loss, for the reason that they had no grain to store. Even if it be conceded that the contract was negotiable or assignable, which is, at least, doubtful, there was no evidence that it had a market value, *Page 486 
or could have been sold at a profit to the seller, or that the right of storage, under the original contract, was less valuable or less marketable than the accepted order or the order recognized by the defendant would have been.
There are other difficulties in the plaintiffs' case, but, for the reasons suggested, the judgment must be reversed and a new trial granted.
All concur.
Judgment reversed.