By the Court.—Ingraham, J.
—This action was brought to recover for the damages sustained by plaintiff for a breach of a contract to exchange a tanyard in Oakland, Sullivan county, New York, for certain property in the city of New York.
The contract or agreement is dated September 10, 1879, and by it defendant agrees to take the tanyard property in Oakland, Sullivan county, New York, subject to a mortgage of |3,500, in exchange for house No. 532 West 45th street, in the city of New York, subject to $9,500, and plaintiff agreed to exchange said tanyard property for said house in New York city, the agreement to be executed on or before Saturday, September 13, at room 53, 229 Broadway, New York. On the trial evidence was given tending to prove that prior to September 13, 1879, plaintiff executed a deed of the tanyard property, and that said deed so executed was on September 13, 1879, at room 53, 229 Broadway, New York ; but that defendant did not appear on that day, and it was for such breach that plaintiff claims to recover damages.
It appeared that the deed so ready for delivery, excepted *209 and reserved from the premises conveyed, the William N. Cuse water-power, at or near the butternuts, and excepted and reserved the right to draw water down the raceway, and also the right to keep up the dam across the raceway for said water-power, or any other use the party of the first part, his executors, administrators or assignees, may elect to use said water power for; also the right to enter at any time upon said premises to erect, rebuild or repair the said dam and to keep the same in repair; and also excepting and reserving the spring of water and the right to draw water therefrom, over or through said premises to the house where it is now drawn for use, and the right of ingress and egress to and from the same, with the right to retain and repair and keep in repair the pipe through which water is conveyed over or’ through the premises attempted to be conveyed.
It further appeared that these easements or rights, except the right to the spring of water, belonged at the time in question to one William N. Cuse, who had a mill for which the water in question was used, and the right to the spring was owned by Osner B. Wheeler.
By the agreement the plaintiff agreed to take the tanyard property, subject to a mortgage of $3,500, in exchange for his house, and defendant agreed to exchange said tanyard property for the said house.
The defendant agreed to take and the plaintiff to exchange the tanyard property, and the only question is, did plaintiff perform his contract by conveying the property, subject not only to the mortgage for $3,500, but also, to various easements which were excepted and reserved from the conveyance of the property, and it appeared plaintiff was not at the time of the execution of the agreement or at any time thereafter the owner of the easements.
It has been well settled since the case of Burwell v. Jackson (9 N. Y. 535), that in the case of an executory contract for the sale of land, the vendor impliedly warrants that he has a good title to the land sold, and a vendee has the right if the title be defective, to refuse to receive it, and is not bound to take the title to the premises, when there are *210 incumbrances on it, unless he expressly agreed so to do (See Bonsel v. Gray, 38 Super. Ct. 450).
The defendant agreed to take the title to the property subject to a mortgage of $3,500; if the mortgage was $4,500, it could not be claimed that the defendant would have been bound to convey his house for the property subject to such a mortgage; yet it is claimed here that he was so bound, although it appears that rights over the property were reserved to and owned by others, that as far as appears might have rendered the property entirely useless for the purpose for which defendant intended to use it.
It is sufficient that the implied warranty that plaintiff had a good title to the property was broken. If that is broken and the title to any portion of it fails, the vendee has a right to refuse to receive it, and it can make no difference that the title fails as to a portion of the property or a right to use a portion of the property only. Defendant was entitled to the property, and an offer to convey the greater portion is not sufficient.
It can make no difference, so far as this action is concerned, that defendant’s property was incumbered by covenants against nuisances. If defendant was seeking to compel plaintiff to perform, or was suing for damages for non-performance, that would be a good defense to such a claim; but defendant simply claims that as plaintiff failed to show that she was able to keep her contract and convey to him what she had agreed to convey (viz., the tanyard property subject to a mortgage of $3,500, and to no other incumbrances), that he had the right to refuse to receive it.
The cases holding that covenants fora party wall and for a highway are not incumbrances, do, not apply.
In this case the conveyance excepts and reserves out of the property, the Cuse water-power, a right to keep up a dam, and a spring. It does not appear how extensive a use of the tanyard property such a right might involve, and for all that appears, it may involve the use of the whole property ; but, in any event, the defendant was to have the tanyard property, subject to a mortgage of $3,500, and not *211 subject to the right of other persons to maintain dams, and the property with the water power excepted, in addition to the mortgage. Plaintiff is presumed to know what she owns, and, if she agrees to convey more than she owns, can not complain if the other party refuses to accept a part instead of the whole.
The contract being a mutual one, neither could recover against the other for a breach of its terms or put the other in default, without tender of performance, or at best, proof of a readiness and willingness to perform (Nelson v. Plimpton Fire Proof E. Co., 55 N. Y. 480). The plaintiff having failed to show such readiness and willingness to perform on her part, she could not recover.
The complaint was properly dismissed, and the judgment should be affirmed with costs.
O’Gorman, J., concurred.