BREWSTER *v.* WOOSTER.

(*Superior Court of New York City, General Term.* March 4, 1890.)

1. CONTRACT—JOINT UNDERTAKING—PERFORMANCE.

An agreement to sell certain personal property to three persons for a stated consideration of $44,000, to be paid by one of them making a cash payment, and each of the others executing a conveyance of his real estate, is a joint, and not a several, contract, and the seller is under no obligation to deliver his property until each of the purchasers has performed his part of the agreement.

2. SAME—RESCISSION.

There can be no rescission of a joint contract by one of the purchasers without the consent of the others.

Exceptions from jury term.

Action by William J. Brewster against George H. Wooster upon a contract between defendant and plaintiff and Horatio Bateman and Henry S. Brown, whereby it was provided that the said Wooster, as party of the first part, should sell to the said parties of the second part, and the said parties of the second part agreed to purchase of said Wooster, certain personal property, for which the said parties of the second part agreed to pay to said Wooster the sum of $44,000, as follows: $10,000 thereof in satisfactory value by the said Henry S. Brown; $8,000 thereof by conveying to said Wooster, free from all incumbrances at the date of conveyance, except a mortgage for $9,500, the house and lot known as "No. 403 West Forty-Second Street," in said city; the further sum of $9,000 thereof by conveying to said Wooster, free from all incumbrances, except a mortgage for $10,000, the house and lot No. 535 West Fifty-Ninth street, in said city, which two pieces of property were to be conveyed by the said William J. Brewster; and the further sum of $5,000, by conveying to said Wooster, free from all incumbrances, excepting mortgages to the amount of $11,750, a house and lot on East Seventy-Seventh street; and the further sum of $12,000, by conveying to said Wooster two houses and lots on the south side of West One Hundred and Thirty-Third street, about 100 feet west of Sixth avenue, each of which houses was subject to a mortgage of $9,000. The last two pieces of property were to be conveyed by said Bateman. The time when the conveyances were to be made was fixed as of May 30, 1876. On July 2, 1886, the agreement was modified by substituting certain other property. In pursuance of this latter agreement, defendant delivered the machinery and stock of goods to Brewster, Bateman, and Brown. At the trial plaintiff elected to sue in rescission of the contract. Plaintiff not

having made any restoration, the complaint was dismissed, exceptions to be heard in the first instance at general term.

Argued before SEDGWICK, C. J., and TRUAX and DUGRO, JJ.

*Arnoux, Ritch & Woodford*, for plaintiff.   *Thomas H. Browning*, for defendant.

TRUAX, J.   Under the agreements between the defendant and Brown, Brewster, and Bateman, the defendant was under no obligation to convey to the said Brown, Brewster, and Bateman the property mentioned in the agreements until each of the three persons above named had performed his part of the agreements; that is, the agreement on the part of Brown, Brewster, and Bateman was a joint, and not a several, agreement.   There was no evidence that would warrant the jury in finding that they had performed their part of the agreement, and therefore there was no question that should have been submitted to the jury.   The plaintiff could not recover damages as for a breach of the contract, because there could be no breach on the part of the defendants until Brown, Brewster, and Bateman had performed, or offered to perform, their part of the contract, (*Nelson* v. *Elevating Co.*, 55 N. Y. 480,) or the defendant had waived performance or had refused to perform his part, (*Lawrence* v. *Miller*, 86 N. Y. 131;) in which event such waiver of performance, or refusal to perform, must be alleged in the complaint and proved on the trial, (*Oakley* v. *Morton*, 11 N. Y. 25,) which was not done in this case.

On the other hand, the plaintiff on the trial sought to recover as on the rescission of the contract; but the plaintiff, who is but one of three joint contractors, is not entitled to rescind the contract without the consent of the other two joint contractors.   The case does not show that plaintiff ever has obtained this consent, and, if he were the only person who had contracted with the defendant, the contract could only be rescinded by the acts or assent of both parties thereto, (*Iron Co.* v. *Railway Co.*, 91 N. Y. 155;) in which event the plaintiff would be restored to his original rights, which are to recover what he had paid on the contract, (*Battle* v. *Bank*, 3 N. Y. 88.)   The evidence shows that plaintiff had paid nothing.   He had, however, conveyed to the defendant certain real estate, and in a proper case would be entitled to recover from the defendant the value of that real estate; but there is nothing in the evidence in this case that shows the value of the real estate conveyed to the defendant by plaintiff, and therefore no sum that plaintiff is entitled to recover is shown.   The exceptions of the plaintiff are overruled, and judgment is ordered for the defendant, with costs and disbursements.   All concur.