## CARROLL v. BLUM.

(Supreme Court, Appellate Term, First Department.   January 31, 1916.)

**1. ASSIGNMENTS ⬳131—ACTIONS—PLEADING.**

In an action on an assignment given to secure payment of two notes, which were to be surrendered, the complaint, which failed to allege tender of or readiness to tender the notes at the time payment was demanded, is insufficient.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 220–226; Dec. Dig. ⬳131.]

**2. EVIDENCE ⬳271—HEARSAY—SELF-SERVING DECLARATIONS.**

In an action on an assignment given to secure payment of notes, a letter written by plaintiff's attorney, in which he recited that he was prepared to deliver the notes on payment, is a mere self-serving declaration, inadmissible to prove tender.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1068–1079, 1081–1104; Dec. Dig. ⬳271.]

**3. ASSIGNMENTS ⬳132—ACTIONS—PLEADING.**

It is necessary, in an action on an assignment of part of a fund to secure notes, to plead and prove that the notes had not been paid.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 227, 228; Dec. Dig. ⬳132.]

Appeal from City Court of New York, Trial Term.

Action by Thomas B. Carroll against Max D. Blum. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

See, also, 152 N. Y. Supp. 961; 157 N. Y. Supp. 7.

Argued January term, 1916, before GUY, BIJUR, and GAVEGAN, JJ.

Slade & Slade, of New York City (Maxwell Slade and David Slade, both of New York City, of counsel), for appellant.

H. J. Bloomer, of New York City (Leo Levy and Alex. Davis, both of New York City, of counsel), for respondent.

BIJUR, J.   Plaintiff sued upon an agreement of defendant, dated April 11, 1913, which, so far as material, reads as follows:

"To secure the payment due Mr. Thomas B. Carroll for moneys expended, * * * represented now by one note for $670, held by Mr. Carroll personally, and one note for $500, * * * which has been renewed by the said Carroll by giving his own note for said sum, the undersigned herein assigns and transfers the sum of $1,170 out of any or all cash moneys that may be recovered, * * * and Messrs. Slade & Slade are hereby authorized * * * to pay Mr. Carroll the said sum of $1,170, and upon the payment thereof Mr. Carroll is to return the said two notes to Slade & Slade."

Appellant now urges—as he did upon the trial, and due exception was taken to adverse rulings—three points, each one of which I think has been well taken.

[1] 1. That plaintiff neither pleaded nor proved a tender of, nor readiness to tender, the notes to Slade & Slade at or before the time when he demanded the payment of the $1,170. The respondent seeks to distinguish some of the cases (such as Nelson v. Plimpton S. E. Co., 55 N. Y. 480; Bigler v. Morgan, 77 N. Y. 312; Levy v. Burgess,

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

64 N. Y. 390; Dunham v. Pettee, 8 N. Y. 508) cited by appellant in support of this point by urging that the rule relates to a matter of proof and not of pleading. Although it would seem to be elementary that a material ultimate fact, which plaintiff must prove, must by the same token be pleaded, the precise point in this case is so determined in Pope v. Terre Haute Mfg. Co., 107 N. Y. 61, 13 N. E. 592. See also Stern v. McKee, 70 App. Div. 142, 75 N. Y. Supp. 157.

[2] 2. That notwithstanding it had not been pleaded, plaintiff was permitted, without amendment, to proceed to prove tender of the notes, and for that purpose to put in evidence a letter written by his attorney in which he recited that he was "prepared to deliver [i. e., the notes] to you upon receipt of the above amount named." Of course this letter is a mere self-serving declaration. The writer of the letter was not even called as a witness on behalf of the plaintiff.

[3] 3. Although it is evident that the assignment of the fund of $1,170 was made expressly *to secure* the payment of certain notes, it was neither pleaded nor proved that the notes had not been paid.

There were other errors committed at the trial, which do not require further comment.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.