Savage Manufacturing Co. *v.* Armstrong.

The cause was submitted without argument, by *S. Long-fellow*, for the demandant, and *A. Haines*, for the tenant.

---

SAVAGE MANUFACTURING COMPANY *versus* ALVIN ARMSTRONG.

Where the plaintiffs made a special contract to furnish certain machines according to a model to be furnished by the defendant, but no model was furnished, the plaintiffs are not bound to furnish one, and have no right to proceed to execute the contract without its being furnished.

Where by the terms of the contract the machines were to be delivered at a particular place, the plaintiffs, before they can recover their pay, are bound to prove a delivery at the place agreed upon.

THIS was an action of assumpsit, wherein the plaintiffs declare on a special agreement of the defendant to pay for certain threshing machines manufactured by plaintiffs for him. There

were likewise counts for labor and materials furnished, money paid, and on an account annexed.

The contract declared on was as follows:—

" Memorandum of an agreement entered into this 4th day of September, 1833, between Thomas Lansdale, of the Savage Manufacturing Co. on the one part, and Alvin Armstrong of the other part:—

" Witnesseth, that for and in consideration of the sum of one hundred and fifty dollars cash, to be paid on delivery, on the part of the latter, the former hereby agrees to build of good materials and in a workmanlike manner and deliver at the re- lay house next to the city of Baltimore, on the Baltimore and Ohio Rail Road, ten threshing machines with horse power com- plete, according to a model or pattern machine to be furnished by said Armstrong, which is called Lane's endless chain horse power and threshing machine — five of the aforesaid threshing machines to be delivered at the aforesaid place on or before the first day of November of this year, and the remainder of the said machines as soon after as may be mutually convenient.

" Alvin Armstrong,

" Thomas Lansdale, Agent."

The evidence in this case was very voluminous, but the ma- terial facts are stated in the opinion of the Court.

The jury found a verdict for the defendant, which the plain- tiffs moved to set aside as against evidence and against the in- structions of the Court.

The cause was submitted without argument by *F. O. J. Smith* and *W. P. Fessenden*, for the plaintiffs, and *Codman & Fox*, for the defendant.

The opinion of the Court was delivered by

WHITMAN C. J.—The plaintiffs move for a new trial, al- leging, that the verdict in this case is against evidence, and against the instructions and direction of the Court in matter of law. The declaration in the writ is on a special agreement, and also for goods sold and delivered, labor done and perform- ed, and money laid out, &c. The special agreement is in

writing. The defendant agreed to take and pay for certain machines to be made according to a model to be by him furnished. The plaintiffs agreed to have them done and ready to be delivered at a certain place, on a certain day. The defendant never furnished any model. The plaintiffs, some months after the machines were to have been delivered, purchased a model, such as they supposed the defendant should have furnished, and proceeded to make the machines, and had them prepared to be put together. This they accomplished in the course of six or eight months after the time when, according to the contract, they were to have been delivered; but never tendered them at the place at which they where, according to the contract, to have been delivered. They contend now, that, inasmuch as the defendant did not furnish a model, they had a right to procure one, and charge him with the cost of it; and to recover of him the price agreed upon for the machines, under some of the counts contained in their declaration. But it seems to us that the verdict is right, and ought not to be disturbed. If the defendant did not furnish a model the plaintiffs had no right to proceed without it. And if the defendant had furnished his model, the plaintiffs could not recover for the price of the machines without delivering them at the place agreed upon, unless the defendant had consented to receive them elswhere, which it is not pretended that he ever did. We cannot therefore consider the verdict as against evidence or the weight of evidence.

But the plaintiffs aver that the verdict was against the instruction and direction of the court in matter of law. The case does not exhibit any instruction or direction of the Court to the jury. We therefore cannot know what the instruction and direction were. If they were, that, upon the foregoing state of the case, the plaintiffs were entitled to recover, we cannot but regard them as having been erroneously given.

The motion for a new trial is therefore overruled, and judgment must be entered on the verdict.