## SUPREME COURT.

### FREY agt. JOHNSON.

A contract to be perfect, must contain in the body of it, or by necessary implica-
tion, the names of the contracting parties, the subject matter of the contract, the
consideration, and the promise.

Where, in a contract under seal, it is the manifest intention that a party shall do
certain things not expressly stipulated, a covenant to do such acts will be infer-
red; and an action may be maintained for their non-performance in like manner
as if the instrument had contained express covenants to perform them.

Where, by the terms of such contract, delivery of the deed by one party and pay-
ment by the other are to be simultaneous, the covenants are dependent, and nei-
ther party can maintain an action against the other at law for a breach, without
showing performance or an offer to perform on his part.

In such case, readiness and willingness to perform is not sufficient to give a cause
of action.

The complaint, too, should contain an averment of performance or tender of per-
formance by the plaintiff.

It is not enough to aver a readiness and willingness to perform by the plaintiff and
a failure and neglect to perform by the defendant.

*Saratoga Special Term, June,* 1861.

THIS action was brought on a contract for the sale of
plaintiff's farm, by which the plaintiff claimed to recover
$2,000 as liquidated damages for the failure of the defend-
ant to perform on his part. The cause was tried by the
court, without a jury. By the complaint, the plaintiff
averred readiness on his part to perform all the conditions
of the agreement by him to be performed; that he had
requested the defendant to perform, but that he had neg-
lected, refused, and utterly and entirely failed to do so.

By the answer, the defendant denied every material alle-
gation, except the execution and delivery of the contract.
On the trial it was proved and admitted that plaintiff duly
executed the deed to the defendant, and held it ready to
be delivered whenever the defendant should comply with
the covenants and conditions of the contract on his part;
and that defendant neglected to perform each and every of
the covenants and conditions of the contract to be perfor-
med by him.

There was no proof that the defendant refused to perform, or that the plaintiff tendered the deed, or offered performance on his part, or demanded of the defendant performance by him. The terms of the contract sufficiently appear in the opinion of the court.

A. Hees, *for plaintiff.*
J. H. Cook, *for defendant.*

Bockes, Justice. The plaintiff, by this action, seeks to recover $2,000, as fixed and liquidated damages for a breach of contract.

On the 1st of July, 1856, the parties entered into a contract, in writing and under seal, by which the plaintiff agreed to sell and convey to the defendant, his farm, called the homestead, situated in Palatine, Montgomery county, for the aggregate sum of $19,000 ; the deed to be executed by himself and wife, subject to existing incumbrances to the amount of $11,000, provided and upon condition that the defendant should pay the plaintiff $4,000 on the first of April, 1857, and the remaining sum of $4,000, with interest from the last mentioned day, on the first of July of the same year. The deed was to be executed April 1, 1857, and was to be placed in the hands of the cashier of the Herkimer County Bank, in escrow, to be delivered when the last mentioned $4,000, with interest, should be deposited in said bank to plaintiff's credit.

It was also agreed in and by the contract as follows : " That the party that shall fail to perform this agreement on his part, will pay to the other the full sum of $2,000 as liquidated, fixed and settled damages," which $2,000 damages it was expressly stated had " reference to the first payment, and not otherwise."

The parties also in the contract agreed on a scheme by which the payment of the $2,000 damages would (as it was supposed) be secured. This part of the agreement was as

follows : " And it is further agreed between the parties aforesaid, that as a guaranty for the payment of the said sum of $2,000 by the party of the second part, if he shall forfeit this agreement, that he, the said party of the second part, about to return to California, shall, as soon as he reasonably can do so, on his arrival in California, transmit a draft for the same, payable in the city of New York, to the order of the cashier of the Herkimer County Bank, so that the said draft shall be in the hands of the said cashier by the 15th day of October next ensuing, unless the said draft shall be delayed in its transit from San Francisco to New York by unavoidable accident; the said amount of $2,000 to be paid over to the said party of the first part when the party of the second part shall fail to comply with any of the stipulations of the foregoing contract, and not otherwise. And when the said amount shall be so deposited as aforesaid, then the party of the first part shall execute a mortgage on the premises in question, to the party of the second part, for the payment of $2,000 as a guaranty for the amount to be forfeited and paid by him the said party of the first part, in case of his failure to perform the stipulations of the foregoing contract."

It was admitted on the trial that none of the covenants or conditions of the agreement were kept or performed by the defendant, but that he had neglected to perform all of them on his part. Also that the plaintiff did not at any time deposit with the cashier a deed executed by himself and wife, although he had the deed duly executed and acknowledged, ready for delivery whenever the defendant should comply with the terms of the contract.

On an analysis of the agreement, it will be seen that the first thing agreed to be done was the placing by the defendant of $2,000 in the hands of the cashier of the Herkimer County Bank, to be paid over to the plaintiff when the defendant should fail to fulfil any of the stipulations of the contract on his part to be performed ; and the next was

the execution by the plaintiff to the defendant of the mortgage as security to him for the payment of the $2,000, in case the plaintiff should fail to fulfil the agreement on his part. The deposit with the cashier was to be made by the 15th of October, unless the draft should be delayed in its transmission through unavoidable accidents, and when so deposited the plaintiff should execute the mortgage.

The covenant to deposit the $2,000 was an independent covenant. No duty or obligation devolved on the plaintiff to execute the mortgage until the draft should be transmitted and be received by the cashier.

The defendant not having performed this part of the agreement, the plaintiff was not in default for not executing the mortgage. There was a clear breach of the agreement in this particular by the defendant, for which the plaintiff would be entitled to recover at least nominal damages, were this the whole case.

It is claimed by the plaintiff that for this breach of the contract alone, he is entitled to recover the $2,000 damages. He bases such claim on two clauses of the agreement. The first is above set out, by which it was agreed that the party " that should fail to perform the agreement on his part, would pay to the other the full sum of $2,000 as liquidated, fixed and settled damages." The second is that which provides for the deposit with the cashier, of $2,000 as security " to be paid over to the said party of the first part, when the party of the second part shall fail to comply with *any* of the stipulations of the foregoing contract, and not otherwise."

This last clause must be considered in connection with the former. It is the former clause which gives the $2,000 to the plaintiff, if he be in fact entitled to this sum.

The last clause declares *when* the $2,000 to which he will be entitled in a certain contingency shall be paid over. This brings us to consider the true construction, force and effect of the former stipulation. It is in these words: "And

it is further agreed between the parties hereto, that the party that shall fail to perform this agreement on his part, will pay to the other the full sum of $2,000 as liquidated, fixed and settled damages." Then follows this qualification : " It is understood that the $2,000, as liquidated damages, has reference to the first payment, and not otherwise." Giving this language any meaning whatever, and it operates as a restriction on the preceding stipulation. Its clear import is, that the $2,000 damages should be forfeited and paid by the defendant in case he should neglect or refuse to make the first payment of $4,000 on the 1st April, 1857, or by the plaintiff in case he should fail to perform by the due execution and deposit of the deed. The deed was to be executed on the first day of April, 1857, and by fair inference, although not so expressly stated in the agreement, was then to be placed in the hands of the cashier as an escrow, " provided and upon condition" that the defendant made payment as therein specified, $4,000, on that day. The execution and deposit of the deed by the plaintiff, and the payment of $4,000 by the defendant, were to be simultaneous, and were dependent acts. This was the occasion for the first payment of $4,000 ; and the agreement provides as follows : " It is understood that the $2,000, as liquidated damages, has reference to the first payment, and not otherwise." It had, therefore, no reference to the deposit of the $2,000 as a security, or to a failure by the defendant to make such deposit.

The most that can be claimed for the stipulation in the agreement providing for the payment of liquidated damages under the qualification attached to it is, that it was intended to embrace the acts to be performed by the parties at the time when the first payment of $4,000 was to be made, and provided for the payment of $2,000 as stipulated damages for a neglect by either to perform what was agreed by them respectively to be done at that time. This, I think, is the fair construction to be given to this provision of the

agreement. It may be said that the qualification limits the $2,000 damages " to the first payment"—that is, that the stipulation, with its qualification, is limited in its effect to the *defendant*, and provides for the payment by him of $2,000 as damages, in case of his neglect and failure to pay $4,000 on the first April, and has no application to the plaintiff or to any default on his part to fulfil the agreement. But the stipulation is mutual, and plainly applies to both parties, and was clearly intended to reach a dereliction by either. The language adopted is, that the party who should fail to perform, would pay to the other the full sum of $2,000 ; and the qualification which declares that the $2,000 damages " has reference to the first payment, and not otherwise," must be construed to limit the stipulation to the acts to be performed at the time when the first payment was to be made, rather than merely to a failure by the defendant then to make payment. This construction secures mutuality, and is within the plain import and spirit of the agreement.

The agreement was then to be performed in all its essential requisites. The deed was then to be executed and delivered. The payment of $4,000 was then to be made, and the defendant was then to take possession. All that would remain was the further payment of $4,000 and interest, on the first day of July next following, as security for which the deed was to be held in escrow.

It seems to me, that the stipulation in regard to damages—especially considered in connection with the qualifying clause— has reference only to breaches resulting from a failure by either party to perform on the first of April, 1857, as they had agreed.

Suppose all the terms and conditions of the agreement had been performed, which by its provisions were to be performed on the first of April ; or suppose the parties had then met, and each had tendered to the other full and com-

plete performance, could either have maintained an action for the recovery of the $2,000 ?    Clearly not.

But it is urged that by the contract the $2,000 damages were " to be paid over to the said party of the first part when the party of the second part shall fail to comply with *any* of its stipulations."

This, however plainly contemplates the money in hand— the actual deposit already made with the cashier—not a breach of the agreement to deposit and the payment of money not received.

It follows, therefore, that the plaintiff is not entitled to recover $2,000, as stipulated damages, for a breach by the defendant of the agreement to transmit to the cashier that sum as security.

Two questions still remain to be considered : *first*, whether, under the pleadings and facts admitted, a cause of action is made out against the defendant for a non-peformance of the terms of the agreement which were to be performed by him on the first of April, 1857 ; and *secondly*, whether the sum mentioned in the agreement to be paid for its breach, is to deemed in the nature of a penalty or as stipulated damages.

The agreement is not entirely clear and specific in all its facts.    A contract, to be perfect, must contain in the body of it, or by necessary implication, the names of the contracting parties ; the subject matter of the contract ; the consideration, and the promise.

In this case, the plaintiff in express terms promised and agreed to convey the premises to the defendant for the consideration of $19,000, but there is no express promise on the part of the defendant to pay that sum.    The plaintiff agreed to sell to the defendant the farm, and execute and deliver the deed, " provided and upon condition" that the defendant should pay him the sum of $19,000.    The time of payment and for delivery of the deed is specified, as well as the period when the defendant should go into posses-

sion. The agreement also speaks of the money as due thereunder, and provides against any breach of the agreement by the defendant.

A covenant on his part to accept the deed and to pay the specified consideration, must therefore be implied. (*Richards* agt. *Edick*, 17 *Barb.*, 260 ; *Barton* agt. *McLean*, 5 *Hill*, 256.)

The rule is this : that if in a written contract under seal, the words manifest a clear intention that a party shall do certain things not expressly stipulated, a covenant to do such acts will be inferred; and an action may be maintained for their non-performance in like manner as if the instrument had contained express covenants to perform them. It is entirely clear in this case, from the terms of the instrument, that the defendant intended to bind himself to pay the consideration of the purchase. A promise or covenant to that effect will therefore be implied.

The agreement is somewhat indefinite in another particular. The plaintiff agreed to execute and deliver to the defendant a warranty deed of the farm, subject to certain incumbrances amounting in the aggregate to $11,000, provided and upon condition that the defendant should pay him therefor $19,000. Stopping here, and it would appear that $30,000 was the estimated value of the farm. But the entire sentence reads thus : provided and upon condition that the defendant should pay therefor $19,000, as follows, to wit : $4,000 on the first day of April, 1857, and the remaining sum of $4,000 on the first day of July of the same year, with lawful interest on the said last mentioned sum from the said first day of April.

Taking it together, it may fairly, and, I think, must necessarily mean that $19,000 was the etimated value of the farm, which was to be paid as follows : $11,000 by assuming the incumbrances; $4,000 on the first day of April, 1857, and the remaining $4,000, with interest from April, on the first day of July then next following.

It is also, I think, fairly to be inferred, although not so expressed in terms, that the incumbrances were to be made just $11,000 on the first day of April, 1857. That was the time when the agreement was to be performed by giving the deed and taking possession.

I shall therefore assume that the agreement stands thus : The plaintiff agreed to sell and convey to the defendant his farm, called the homestead, by warranty deed to be executed by himself and wife, for the sum and consideration of $19,000 ; the deed to be delivered on the first day of April, 1857, and to be made subject to incumbrances by mortgage to the amount of $11,000, at which time defendant was to have possession. In consideration whereof the defendant agreed to pay the plaintiff the $19,000 as follows : $11,000 by assuming incumbrances on the farm to that amount, and to which the deed was to be subject ; $4,000 on the first of April, 1857 ; and the *remaining* $4,000, with interest from April first, on the first day of July then next following ; and as security for the payment of the last mentioned sum the deed was to be left in escrow with the cashier of the Herkimer County Bank. In order to insure the faithful performance of such stipulations, it was agreed that the party who should fail to perform the agreement on his part, would pay to the other the full sum of $2,000 as liquidated, fixed and settled damages.

This I understand to be the agreement in substance and effect, leaving out of view those parts which relate to the scheme by which it was intended to secure the payment of the $2,000 damages. The contract, thus viewed, is very simple ; a promise on the one hand to execute and deliver a deed, and on the other to pay and secure the stipulated price, and to be simultaneous and concurrent acts. The parties were mutually bound—the one to convey and the other to pay on the first of April. The covenant by the plaintiff to deliver the deed, and by the defendant to pay and secure the purchase price, were dependent covenants.

The words " provided and upon condition" do not render them other than .dependent. Similar language was used in the agreement on which the action was brought in *Beecher* agt. *Conradt*, (3 *Kern.*, 108.) The words there were " upon the express condition," and it was held that the covenants were dependent, notwithstanding those words. In such case, when the delivery of the deed by the one party and payment by the other are dependent, the one on the other, neither party can maintain an action for a breach without showing performance or an offer to perform on his part. (*Van Schaick* agt. *Winne*, 16 *Barb.*, 89 ; *Garlock* agt. *Lane*, 15 *Barb.*, 359 ; *Beecher* agt. *Conradt*, 3 *Kern.*, 108 ; *Johnson* agt. *Wygant*, 11 *Wend.*, 48 ; *Stevenson* agt. *Maxwell*, 2 *Comst.*, 408 ; *Culver* agt. *Burgher*, 21 *Barb.*, 324 ; *Williams* agt. *Healey*, 3 *Denio*, 363 ; *Hipburn* agt. *Auld*, 1 *Cranch*, 321 ; *Dunham* agt. *Mann*, 4 *Seld.*, 508 ; *Lester* agt. *Jewett*, 1 *Kern.*, 453 ; *Tipton* agt. *Feitner*, 20 *N. Y. R.*, 423, on p. 425 ; *Cunningham* agt. *Jones*, 20 *N. Y. R.*, 486 ; *Baker* agt. *Higgins*, 21 *N. Y. R.*, 397.)

In *Van Schaick* agt. *Winne* this point was examined by Judge HARRIS at length, and the authorities were collected. He lays down the rule that it is not enough to show readiness and willingness to perform, but that performance or an offer to perform is necessary to constitute the right of action. So in *Johnson* agt. *Wygant*, SUTHERLAND, J., says, it is well settled that covenants like those are dependent, and that neither party can recover against the other without averring a tender of performance on his part—a mere readiness to perform is not sufficient. If the vendor sues for the consideration money, he must aver a tender of such a deed as by the terms of the contract he was to give. So, too, GARDINER, J., in *Stevenson* agt. *Maxwell*, says, the purchase money was to be paid or secured on the first of May, and it was as much the duty of the defendant to pay at the time stipulated, as of the vendor to convey. Neither could

sue at law without a tender of a deed by the one party, or of the purchase money or security by the other.

The decision in *Johnson* agt. *Wygant* is cited and approved in *Lester* agt. *Jewett*, (1 *Kern.*, 458–9,) and EDWARDS, J., remarks : " It follows, then, that where there is a contract to purchase like the one in question, the vendor is not entitled to recover for a breach of it, until he has made a tender of performance on his part." So DENIO, J., says, in *Tipton* agt. *Feitner*, (20 *N. Y. R.*, 425,) that in contracts where the delivery of the conveyance and payment of the price are each conditions of the other, " neither party can sue for a breach without having offered performance on his part."

It seems well settled that the acts in this case agreed to be performed by the parties on the first of April, were concurrent and dependent ; and the rule obtains, that neither can maintain an action against the other at law for a failure to perform, without showing a performance or tender of performance on his part—that readiness and willingness to perform is not enough.

On this point, how stands the case on the pleadings and proofs ?  By the complaint the plaintiff avers a readiness to perform each and all the conditions of the agreement on his part to be performed, and that he had requested the said defendant to perform on his part, but that he had made default, neglected and refused, and utterly and entirely failed to perform and fulfil.

The defendant, by his answer, denies each and every allegation of the complaint, except as therein admitted, explained and modified.  The above averments of the complaint are not by the answer either admitted, explained or modified ; hence they stand denied by the answer.

The averment by the plaintiff of readiness to perform on his part, is also specifically denied ; as to which the defendant says he has no knowledge or information sufficient to form a belief, and therefore he denies the same.

Now, it will be seen that the plaintiff has not, in the complaint, averred either performance or tender of performance on his part—only a readiness to perform; which all the cases hold to be insufficient. But he has alleged that defendant *refused* to perform; which, by some of the cases, relieved him from a tender on his part. This allegation, however, it has been seen, stands denied by the answer.

I shall regard the complaint good in form and substance, inasmuch as an amendment would be allowed, if insufficient. Then I will regard the complaint as containing the following averments : *first*, the making and delivery of the agreement ; *secondly*, that the plaintiff performed or duly tendered performance of the agreement on his part ; *thirdly*, that he requested of the defendant performance on his part, and that the defendant refused to perform ; and *fourthly*, that defendant has entirely failed and neglected to perform all the terms of the agreement on his part to be performed.

The first of these averments stands admitted by the answer ; the second being now introduced by way of amendment, must be deemed denied by the answer ; and the third and fourth, which I regard as now in the complaint in substance, are already denied by that part of the answer by which the defendant denies each and every allegation of the complaint not by the answer admitted, explained or modified. So that the parties are at issue on every material allegation of the complaint, except as to the execution and delivery of the agreement.

This brings me to consider the proof.

The admission of the due execution of the agreement proves the first allegation of the complaint, and the affidavit and stipulation put in evidence maintain the fourth averment, that the defendant has utterly failed and neglected to perform the agreement on his part. But the second and third averments, as above stated, proof of one or the other of which is essential to the right of recovery, stand wholly unsubstantiated.

Neither the affidavit or the stipulation, nor both together show either performance by the plaintiff on his part, or a tender of performance, or a refusal by the defendant to perform. They show a readiness and willingness to perform by the plaintiff, and a failure and neglect to perform by the defendant; but the cases cited all hold this to be insufficient, without actual performance by the plaintiff before suit.

The plaintiff in this case should not only have had the deed duly executed and ready to be delivered, but should have tendered it to the defendant, or placed it in the hands of the cashier, where, by the agreement, it was to remain in escrow. If the defendant had informed the plaintiff that he would not accept the deed or perform the agreement, perhaps the plaintiff would have been relieved from this duty; but it is unnecessary to consider this point, as there is no proof that the plaintiff ever requested the defendant to perform, or that he ever refused to perform—only that he failed and neglected so to do.

If the action had been to recover the $4,000 agreed to be paid on the first of April, 1857, or for the whole sum of $8,000, no recovery could be had, under the facts of this case, (*see cases cited,*) for the reason that no performance or tender of performance by the plaintiff is shown. This action stands on the same footing in principle. It is an action for damages for the non-performance by the defendant of the contract. It was not enough, therefore, for the plaintiff to aver and prove a readiness and willingness to perform on his part, according to the agreement. As was remarked by Mr. Justice HARRIS, in the case last cited, (on page 94,) the acts to be performed being concurrent acts, what would be equivalent to a performance by one party would be equally so for the other. If, then, it be sufficient for the plaintiff to aver and prove that he was ready and willing to perform on his part, without averring and proving an offer to perform, or notice of his readiness so to do,

the defendant, too, may answer that he was also ready and willing, although he neither tendered nor gave notice that he was ready to perform. So if the plaintiff can recover for the non-performance of the defendant on such averment and proof, a similar action upon like averments and proofs could also be maintained by the defendant against the plaintiff.

This view of the case, thus illustrated by Mr. Justice HARRIS, clearly presents the position and rights of the parties.

It follows, therefore, that the plaintiff has failed to make out a cause of action, except for the failure by the defendant to transmit to the cashier the draft as he had agreed. But it has been above proved that the clause in the contract in regard to liquidated damages does not apply to this breach. He can recover, consequently, only nominal damages.

These conclusions render it unnecessary to decide the question whether the $2,000 were intended as a penalty or as stipulated damages.

Judgment ordered for plaintiff, for nominal damages.