DAVID W. BRUCE AND OTHERS, EXECUTORS AND TRUSTEES, ETC., OF DOROTHEA A. L. WOLFE, DECEASED, RESPONDENTS, *v.* THE FULTON NATIONAL BANK OF NEW YORK, APPELLANT.

*Covenant of renewal — when the lessee is not bound to accept.*

When a covenant of renewal in a lease is binding only upon the lessor, while it is optional with lessee to accept a renewal or not.

APPEAL by the defendant from a judgment entered in favor of plaintiffs, after a trial by the court at Special Term.

The judgment "ordered, adjudged and decreed that upon the execution and tender by the plaintiffs, as executors and trustees under the will of Dorothea A. L. Wolfe, the original lessor, or by the survivors of them, or their successors or assigns, of a new lease, or renewal of lease, as is required by the covenants of the lease set forth in the complaint, in respect to the next succeeding term of twenty-one years in the original lease provided for, namely, from May 1, 1877, at the annual rent of $1,600 (besides taxes and assessments), payable in the manner expressed in said ·lease, and which renewal lease shall contain the covenants and conditions in that behalf expressed in the original lease in respect to the first renewal therein provided for, the defendant accept the same and execute and acknowledge the same or a counterpart thereof under its corporate seal, and by its lawful agents or officers, thereunto duly authorized."

*S. P. Nash*, for the appellant.

*A. P. Man*, for the respondents.

Ingalls, J.:

On the 28th day of February, 1859, Dorothea A. L. Wolfe and John David Wolfe leased to Joseph Kernochan, president of the Fulton Bank, in the city of New York, certain premises situated upon Pearl street, and particularly described in the lease and in the complaint, for the term of twenty-one years, from the 1st day of May, 1856, at the yearly rent of $1,600, payable quarterly. The lessee entered under such lease and has erected thereon a banking house. The lease contains the following provision: "All the said parties of the first part do hereby covenant and agree that if the said party of the second part, or their assigns, shall well and truly pay the rent hereby reserved, and keep and perform all the covenants herein contained on the part and behalf of the said party of the second part, his successors or assigns, that the said Dorothea L. Wolfe, her heirs or assigns, shall and will, at the end or expiration of the term hereby granted, grant unto the said party of the second part, or his successors or assigns, a new lease of said premises hereby demised for a further term of twenty-one years.

next ensuing, from the time of the expiration of the term hereby granted, at such annual rent (not less than the rent hereby reserved) as shall have then been agreed upon by the parties or otherwise determined or ascertained as hereinafter provided; and it is mutually covenanted and agreed between the parties hereto that if the said Dorothea A. L. Wolfe, her heirs or assigns, and the said party of the second part, his successors or assigns, do not agree on the amount of rent to be reserved on said renewed lease, then the said Dorothea A. L. Wolfe, her heirs or assigns, shall nominate one fit and impartial person, and the said party of the second part, his successors or assigns, shall nominate one fit and impartial person, both of whom shall be owners of real estate in said city, to value the fee simple of said demised premises, said premises to be valued as vacant or unimproved land, said nominations to be made at least four months before the expiration of the term hereby granted; and if the persons so chosen shall differ in judgment, as to the value of the said premises, the two so appointed shall appoint a fit and impartial person to be associated with them for that purpose, and the decision of any two of the three persons so chosen, as to such value, shall be conclusive on the parties interested; and the interest at the rate of five per cent per annum on the value so estimated shall be the annual rent to be reserved by said new lease, provided such rent is not less than the rent hereby reserved; the said new lease to contain the same covenants herein contained, except the covenants to renew, and said new lease to contain a covenant on the part of the said Dorothea A. L. Wolfe, her heirs or assigns, to renew the lease for another term of twenty-one years as hereinafter provided."

Then follows a covenant, in precisely the same form, for a second renewal, upon the same terms, except the covenant for still further renewal, and then a provision that if any part of the premises shall be taken for widening or extension of a street, the lessor shall receive the award and make corresponding reduction from the rent. The lease then proceeds as follows : "It is further covenanted and agreed between the parties hereto that at least ninety days previous to the expiration of the last renewed or third term of twenty-one years, *if said last term shall be granted in pursuance of the covenants and conditions herein contained,* the lot of

land hereby demised, or so much thereof as shall not have been taken for any public purpose, shall be valued and appraised as a vacant lot by arbitrators, appointed in the manner hereinbefore provided for on the renewal of this lease, and that the said party of the second part, or his successors, acting for and in behalf of said, the Fulton Bank in the city of New York, or his or its assigns, shall purchase said lot at such its appraised value, and that the said Dorothea A. L. Wolfe, her heirs or assigns, shall and will, at the expiration of said third or last term, *if granted as aforesaid,* sell, and on receiving such appraised value grant and convey to the said party of the second part, his successors or assigns, the lot of land hereby demised in fee simple."

The plaintiffs have offered to renew the said lease for another term of twenty-one years; and have taken the steps prescribed in the said lease to ascertain the amount of rent which should be paid by the defendants during such second term. The defendant refuses to accept a renewal, upon the ground that there is no covenant in the lease which compels such acceptance; and it is, therefore, optional with the defendant to accept or refuse the same; and that such was the intention of the parties who originally executed the lease, as appears from the lease when properly interpreted in the light of the circumstances surrounding the transaction. The plaintiffs have instituted this action to compel the defendant specifically to perform the agreement, by accepting a renewal of the lease, and paying the rent; to be ascertained according to the provision of the lease above mentioned, upon the ground that the express covenants contained in the lease, when construed together, impose the obligation upon the defendant to accept such renewal; and that if this position cannot prevail, then they insist that a covenant to accept such renewal should be implied from the express covenant of the lessors to grant such renewal. This presents the material question to be considered upon this appeal.

The learned counsel for the respondent very aptly remarks, in his points, "we may hardly expect to find precedent covering the precise covenants in question. They are peculiar to the present case, which must be decided upon the force of the document before us." After examining numerous decisions bearing generally upon the subject, we have failed to find one which applies so

exactly to the peculiar facts of this case, as to enable us to adopt it as decisive thereof. We are convinced that the determination of the case must depend upon the intention of the parties, as ascertained from the lease, giving due weight to the circumstances which surround the transaction. We are unable to discover any express undertaking on the part of the lessee to accept a renewal of the lease, and we must, therefore, inquire whether such a covenant can be implied. It is obvious from the lease itself that it was prepared with caution and skill, and with an evident intention to provide for every contingency which would be likely to arise, and, therefore, it cannot reasonably be inferred that the absence of an express covenant, on the part of the lessee, to accept a renewal, was the result of inadvertence or ignorance. If it had been the intention of the parties to the lease to impose upon the lessee so important an obligation, it is passing strange that such a covenant was not inserted. Parties are expected to incorporate the terms of their agreement, in the written instrument which they execute. The province of the court is to construe and enforce contracts, and not to make them for the parties, and a covenant will only be implied when it clearly appears that it was intended and then only from necessity, to prevent the failure of the contract. (*Hudson Canal Co.* v. *Penn. Coal Co.*, 8 Wall., 276.) In *Aspdin* v. *Austin* (5 Adol. & Ellis [N. S.], 671; 48 Eng. Com. Law Reports), DENMAN, C. J., remarks: " But it is a manifest extension of that principle to hold that, where parties have expressly covenanted to perform certain acts, they must be held to have impliedly covenanted for every act convenient *or even necessary* for the perfect performance of their express covenants. Where parties have entered into written engagements with express stipulations it is manifestly not desirable to extend them by any implications; the presumption is that, having expressed some they have expressed all the conditions by which they intended to be bound under that instrument." (*Churchward* v. *The Queen*, Law Rep. [1 Q. B.], 173.) If the parties understood, and intended that the lease should absolutely continue sixty-three years, it was certainly much easier for them to have so stated therein, rather than through a series of renewals to endeavor to reach that result. The term of twenty-one years was a long period, even for the purpose intended, and the lessors doubtless

considered the contract profitable, taking into account the amount of rent reserved, and the value of the improvements which would become theirs at the expiration of the twenty-one years, if the lease then terminated. It does not seem unreasonable to infer that the lessee may have regarded the enterprise, so far a matter of experiment, as not to have desired to be absolutely compelled to retain the premises beyond twenty-one years; yet in case it proved successful, to be at liberty to exact a renewal of the lease upon the terms specified. Judging from all the circumstances attending the transaction and estimating as well as we are able the motives and expectations of the respective parties in regard to the matter, and also considering the various and carefully prepared covenants contained in the lease, we are led to the conclusion that the parties intended that the lessee should not be bound absolutely to accept a renewal of said lease, but to have the privilege or option to exact the same if desired. The learned judge who decided this case evidently relied very much upon an intimation contained in the opinion expressed in *Johnson* v. *Conger* (14 Abbott, 195). It will be perceived by examining that case, that the defendant was required to perform an *express covenant* which was based upon an adequate consideration, independent of any obligation on the part of the plaintiff to accept the renewal of the lease. The case would be much in point, if the parties to this action were reversed, and the lessors were required to perform the express covenant to renew. We cannot regard the remark of the learned judge, who delivered the opinion in the case of *Johnson* v. *Conger*, above mentioned, "that one party was bound to give *and the other to accept* such renewal," as controlling in the decision of this case, upon the facts developed. There are some expressions contained in this lease which seem to convey the impression that the lessors did not, at the time, deem it absolutely obligatory upon the lessee to accept a renewal of the lease. The following is one : " It is further covenanted and agreed between the parties hereto that, at least ninety days previous to the expiration of the last renewal or third term of twenty-one years, *if said last term shall be granted in pursuance of the covenants and agreements herein contained,*" etc. This is the expression of both parties, and implies uncertainty as to whether such renewal would be made. Closely following the

above occurs this provision : " And that the said Dorothea A. L. Wolfe, her heirs or assigns shall and will, at the expiration of said third or last term, *if granted, as aforesaid, sell,*" etc. These expressions standing alone would not probably be controlling upon this question of construction, but are significant when considered with the other facts bearing upon the same subject. In regard to the mutual covenant to arbitrate as to the amount of rent to be paid, that necessarily depended upon the determination to renew the lease, and hence that covenant cannot be regarded inconsistent with the position assumed by the defendant, that the bank is under no legal obligation to accept such renewal. The amount of rent to be paid only becomes material when it is settled that such renewal is to be made. There is a class of cases much relied upon by the respondent, of which *Pordage* v. *Cole* (1 Saund., 319) ; *Barton* v. *McLean* (5 Hill, 256) ; *Richards* v. *Edick* (17 Barb., 261); *Frey* v. *Johnson* (22 How. Pr., 316), are examples. In deciding those cases much stress was laid upon the peculiar phraseology of the contracts which were the subjects of adjudication. Again, in those cases, *the intention* of the parties in regard to the particular covenants was not in dispute. The court, in those cases, to prevent a failure of the entire contract for want of consideration to uphold it, implied a covenant on the part of one party to perform the act which constituted the immediate and only consideration for the covenant on the part of the other party. We deem the case at bar, upon principle, distinguishable from both cases, in every particular above mentioned. In this case the main subject of the contract has been performed by both parties without question, and the covenant sought to be implied can in no sense be regarded as indispensable to constitute a consideration for the contract, *or even for the covenant to renew.* The facts indicate that the lessee did not intend to create an absolute obligation to accept a renewal, and there is nothing in the nature of the covenant to renew which renders inconsistent or unreasonable the position assumed by the defendant, that acceptance of such renewal was intended to be, and actually is, optional and not absolute on the part of the bank.

After a careful examination of this case, we conclude that the

judgment must be reversed and a new trial ordered, with costs to abide the event.

BRADY, J., concurred ; DAVIS, P. J., dissented.

Judgment reversed, new trial oraered, costs to abide event.