ROBERT HENDERSON

*v.*

GEORGE D. WHEATON *et al.*

*Filed at Ottawa November 24, 1891.*

1. CONTRACT OF SALE—*construed.* An instrument in writing recited a sale by the makers of fifty shares of the capital stock of a corporation, of $100 each, for the sum of $5000, the receipt whereof was acknowledged, upon the condition that if the vendee, at the expiration of three years, should elect to return said shares of stock, the vendors agreed to repay the vendee said sum of money, with interest, less any dividends he might have received on the stock, provided the vendee should notify the vendors of his intention to return such capital stock and claim repayment at least thirty days before the expiration of said term of three years: *Held,* that the instrument showed a present sale of shares of stock for $5000, upon the condition that the purchaser should notify the vendors of his intention to return the stock not less than thirty days before the expiration of three years.

2. SAME—*terms of rescission—must be complied with.* Where a purchaser of capital stock of a corporation has, by the contract of sale, the right, within a given time, to return the stock upon thirty days' notice before the expiration of such time, and receive back the purchase money, with interest, he may rescind within the time limited only by the doing of that which the condition provides shall be done by him.

3. In such case the purchaser, before he can rescind and recover back the purchase money, must give the requisite notice of his intention to rescind, and, within the time limited for that purpose, return or offer to return the shares of capital stock purchased by him. Failing in this, the sale becomes absolute, and the purchaser can not recover under the contract.

4. PLEADING—*declaration on contract—averment of performance of condition precedent.* The rule is well settled, that where an act is to be performed by the plaintiff before the accruing of the defendant's liability under his contract, the plaintiff must aver in his declaration, and prove, either his performance of such condition precedent, or an offer to perform it, which the defendant rejected; or he may aver his readiness to fulfill the conditions until the defendant discharged him from so doing, or prevented the execution of the matter which was to be performed by him.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. JULIUS S. GRINNELL, Judge, presiding.

This was assumpsit, upon the following instrument:

"CHICAGO, ILL., *June 25, 1884.*

"This day sold to Robert Henderson, of New York City, fifty shares of the capital stock of the Big Laramie Land, Cattle and Improvement Company, of $100 each, for the sum of $5000, the receipt of which is hereby acknowledged, upon the following express condition: At the expiration of three years from the date hereof, if said Robert Henderson elects to return said fifty shares of said capital stock to the undersigned, we agree to repay to said Robert Henderson the said sum of $5000, with interest thereon at the rate of ten per cent per annum, less any dividends he may have received upon said stock: *Provided, however,* the said Robert Henderson shall notify the undersigned of his intention to return said capital stock and claim such repayment at least thirty days before the expiration of the said term of three years. Such notice may be given by addressing the same to and in care of F. S. Eames, Commercial National Bank, Chicago, Illinois.

GEO. D. WHEATON,     [Seal.]
F. S. EAMES,         [Seal.]
TRABING BROS.,       [Seal.]
C. H. HUTTON.        [Seal.]"

The declaration contains no averment of a tender of the return of the stock mentioned in the contract, nor of a waiver or prevention of such tender by defendants, and there was no proof to that effect upon the trial. The defendants pleaded the general issue, accompanied with affidavit of merits. By agreement of parties the cause was tried by the court, without the intervention of a jury.

The following, among other propositions of law, were asked by the plaintiff to be held by the court, but the court refused so to do, to-wit:

"5. The court, in determining the rights and liabilities of the defendants with respect to the plaintiff, and with respect to one another, holds that the defendants occupy the relations of partners, so far as the plaintiff's cause of action set out in the first count of his declaration is concerned.

"6. The court holds that it was not necessary that the plaintiff should make a tender to the defendants, or any of them, of the fifty shares of stock mentioned in the written contract specially declared upon, at or after the expiration of the three years from the date of said written contract, in order to maintain his action on said contract.

"7. The court holds that it was not necessary that the plaintiff should make a demand upon the defendants, or any of them, at any time at or after the expiration of three years from the date of the written contract specially declared upon, and before the bringing of this action, for the sum of $5000, with interest thereon at the rate of ten per cent per annum from the date of said contract.

"8. If the court believes, from the evidence, that the plaintiff did, at least thirty days before the expiration of the term of three years from the date of the written contract specially declared upon, notify the defendants of his intention to return the fifty shares of stock mentioned in said contract, and claim repayment of the sum of $5000, with interest thereon at the rate of ten per cent per annum, then the court should hold that the plaintiff had done all that said contract required him to do before the bringing of this action, in order to maintain this action against the defendants."

And the plaintiff also asked the court to hold: "There is no variance between the declaration and the evidence introduced on the trial in support thereof." The court modified

this by adding, "but the declaration should allege demand: and refusal," and then marked it "held," as thus modified. Plaintiff excepted to these several rulings.   The court there-- upon found the issues for the defendants, and rendered judg-- ment accordingly, and that judgment was affirmed on appeal to the Appellate Court for the First District.   This appeal is. from that judgment of affirmance.

Messrs. GARTSIDE & LEFFINGWELL, for the appellant:

The contract declared upon is not one requiring a demand` and tender before the right of action accrues thereon.   *Clark* v. *Weis*, 87 Ill. 438; *Smith* v. *Lewis*, 26 Conn. 110; *Rawson* v. *Johnson*, 1 East, 203.

The contract declared upon being for the performance of` mutual, concurrent and dependent acts, and ample notice of · a desire, willingness and ability to perform having been prop- erly given to appellees, the plaintiff was entitled to recover. *Clark* v. *Weis*, 87 Ill. 438; *Smith* v. *Lewis*, 26 Conn. 110; *Morton* v. *Lamb*, 7 T. R. 125; *Rawson* v. *Johnson*, 1 East,. 203; *Ferry* v. *Williams*, 8 Taunt. 62; *Waterhouse* v. *Skinner*,. 2 B. & P. 447.

Messrs. G. W. & J. T. KRETZINGER, and Mr. A. C. BARNES,. for the appellees:

The agreements to pay the money and return the stock were· mutual and dependent.   Neither party, without tender of per-- formance, could demand performance of the other.   Mere · readiness to perform is insufficient.   *Lester* y. *Jewett*, 11 N. Y.. 453; *Plumb* v. *Taylor*, 27 Ill. App. 238; *Kelley* v. *Upton*, 5. Duer, 336.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

There is no difficulty in construing this instrument.   It is: plainly a present sale of fifty shares of the capital stock of the Big Laramie Land, Cattle and Improvement Company, for the··

sum of $5000, upon the condition that the purchaser shall not notify the seller of his intention to return the stock sold, and claim repayment of the money paid therefor, and interest thereon at the rate of ten per cent per annum, less any dividends he may have received upon said stock, at least thirty days before the expiration of three years from the date of sale,. and return said stock to the seller at the expiration of three years from the date of the sale; but if the purchaser shall give such notice, and so return the stock, then the seller shall. repay him the $5000 paid for the stock, with interest thereon at the rate of ten per cent per annum, less any dividends he may have received upon the stock. Stated shortly, the sale is absolute if not rescinded as provided by the condition. It may be rescinded, but only by the doing of that which the condition provides, and this is wholly to be done by the purchaser. Until he has thus rescinded the sale, it stands, and he has no right to the purchase money. It is not a case of mutual and concurrent covenants, as is *Clark* v. *Weis*, 87 Ill. 438, cited by counsel for appellant. There, the contract was that the seller should convey and the purchaser should pay, each promise being the consideration of the other, on or before a day named. But here the purchaser does not undertake that he will rescind the contract by returning the stock, but the undertaking is solely by the seller, that he will repay if the purchaser shall return, etc.,—that is, of course, after he shall return.

The rule is well settled that "where an act is to be performed by the plaintiff before the accruing of the defendant's liability under his contract, the plaintiff must aver in his declaration, and prove, either his performance of such condition precedent, or an offer to perform it, which the defendant rejected; or he may aver his readiness to fulfill the condition until the defendant discharged him from so doing, or prevented the execution of the matter which was to be performed by him." Chitty on Contracts, (11th Am. ed.) p. 1083, and cases cited

in note. See, also, *Frey* v. *Johnson,* 22 How. Pr. 316; *Sanford* v. *Cloud,* 17 Fla. 532; *Williams* v. *Healey,* 3 Denio, 363; *Bank of Columbia* v. *Hagner,* 1 Pet. 455; *Thorpe* v. *Thorpe,* 12 Mad. 465; *Savage Manf. Co.* v. *Armstrong,* 19 Me. 147; *Brown* v. *Cannon,* 5 Gilm. 174.

The rulings below were clearly right, and the judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*