Matt Sergo, Defendant in Error, v. S. N. Bloch and John Killips, Plaintiffs in Error.

Gen. No. 34,870.

Opinion filed October 21, 1931.

JOHN P. McDONALD and JESSE MARCUS, for certain plaintiff in error.

HUGH A. CAPERTON, for defendant in error; ERNEST C. RENIFF, of counsel.

MR. JUSTICE WILSON delivered the opinion of the court.

Matt Sergo, plaintiff, brought his action against Arthur H. Hein, Phillip Gartner, Charles J. Wolf, Wayland W. Dayton, Sol N. Bloch and John Killips, defendants, and recovered a judgment in the sum of $2,100 against John Killips and S. N. Bloch, two of the aforementioned defendants. The cause was tried by the court without a jury. The declaration consisted of five counts.

The first count charged that on and prior to June 5, 1927, the State Discount Company, a corporation, was organized under the laws of the State of Illinois, for the purpose of buying and selling real estate and to engage in building operations in connection therewith; charges that the defendants were officers and salesmen of said corporation and that, by reason of the speculative nature of the business, the certificates of stock issued by the corporation came under Class D securities as set forth in chapter 32 of Cahill's Revised Statutes of the State of Illinois, ¶ 261; charges that it became the duty of the defendants to file in the office of the secretary of state a true statement and inventory of the assets of said company, and that the defendants wilfully and maliciously failed and neglected so to do; charges that they sold the plaintiff 15 shares of stock at the par value of $100 each, for

which the defendant paid the sum of $1,800; charges that the plaintiff is entitled to recover attorney's fees.

The second count contains similar statements, but charges that the defendants wilfully, knowingly and maliciously failed to file any statement with the secretary of state at Springfield, stating that they, the defendants, were agents and salesmen of the stock of the said corporation.

The third count contains the allegations as set out in the first count, but appears to be based upon the ground that the defendants falsely pretended that the stock of the State Discount Company was Class A stock under the Securities Act of the State, Cahill's St. ch. 32, ¶ 257, and that the plaintiff, believing such statements, relied upon them and purchased said stock of the defendants; charges that he tendered back the certificate of stock to the defendants and demanded the return of his money.

The fourth count charges, in words practically the same as those contained in the first count, the fact that the State Discount Company was engaged in the sale of stock and further that the defendants, being officers, agents and salesmen of the corporation, wickedly, feloniously and corruptly conspired together to cheat and defraud the plaintiff; that said defendants pursuant to said conspiracy, represented that the stock was Class A stock under the Securities Act of the State, when they well knew that it was Class D stock under said act; charges further that the defendants did not file in the office of the secretary of state a true statement and inventory of the assets of the said corporation and that they did not file with the secretary of state a statement that they were salesmen of the stock of said corporation.

The fifth count consisted of the common counts. General and special demurrers of the defendants were overruled to the various counts of the declaration.

Pleas of nonassumpsit were thereafter filed by the defendants to the fifth count of plaintiff's declaration and pleas of the general issue to the remaining counts of the declaration.

A stipulation was entered into between the parties by which it appears that the State Discount Company was incorporated under the laws of the State of Illinois prior to June 25, 1927, and that it qualified as such to sell Class D securities and that the defendants, Hein, Gartner, Wolf, Dayton and Bloch were officers and directors of said corporation.

At the end of the plaintiff's case a motion to dismiss as to the first count of the amended declaration was sustained. Motions to dismiss as to the second, third, fourth and fifth counts were sustained as to the defendants, excepting John Killips and Sol N. Bloch, and as to them, it was denied.

The cause is before this court on a writ of error from said judgment sued out by Killips and Bloch. In our opinion the motions, by the two remaining defendants, to dismiss the second, third and fourth counts should have been sustained.

Under the stipulation of facts entered into by and between the parties, it is apparent that the State Discount Company had complied with the statute of the State of Illinois with regard to qualifying with the secretary of state in the sale of its stock. There is no evidence in the record showing that it was represented to the plaintiff that the stock was Class A stock and, consequently, there was nothing to support the third count of the declaration.

It appears from the evidence that at the time the stock in a certificate of 15 shares was sold to the plaintiff, there was present one B. H. Bloch and the defendant, John Killips. An order to purchase 15 shares of the capital stock of the State Discount Company for $1,800, directed to S. N. Bloch, dated June 24,

1927, and signed by the plaintiff, contained a notation on the back, as follows:

"June 24, '27.

"We hereby agree to repurchase 15 shares of stock on 30 days' notice at price paid.

(Signature)  S. N. Bloch

B. H. B.

John Killips."

The initials, "B. H. B." were those of Bernard H. Bloch, a brother of the defendant, Sol N. Bloch. The stock certificate issued June 25, 1927, appears to have been signed by Sol N. Bloch, as president of the company.

The plaintiff at no time came in contact with Sol N. Bloch, nor had he ever had any conversation with him, and there is nothing in the record connecting in any way Sol N. Bloch with the transaction excepting the fact that the order was evidently turned over to him and upon this order the stock certificate issued. There is nothing in the record showing that Sol N. Bloch did not comply with the statutory requirements with reference to filing with the secretary of state an application to act as dealer with regard to said stock. On the other hand, there is in the record defendants' exhibit 2, which is a certification from the office of the secretary of state to the effect that Sol N. Bloch was registered with the secretary of state at the time of the transaction in question as a dealer or broker in accordance with the requirements set out in the Illinois Securities Law, Cahill's St. ch. 32, ¶ 254 *et seq.*

There being no evidence against the defendant, Sol N. Bloch, under the counts of the declaration based on a violation of the Securities Act, it necessarily follows that there cannot be a joint judgment under these counts against the defendant Bloch and the defendant Killips. There being no joint liability under these counts it follows that a judgment based upon them could not stand. A joint judgment is an entirety and

must stand or fall as to both defendants. *Seymour v. Richardson Fueling Co.,* 205 Ill. 77; *Woods v. Bowman,* 200 Ill. App. 612. There is no evidence in the record of any conspiracy on the part of the defendants, nor is there any evidence to the effect that the plaintiff was induced by fraud to enter into the purchase of the stock in question.

There remains but one question, namely, whether or not the defendants, Sol N. Bloch and John Killips, can be held under the fifth count of the declaration consisting of the common counts.

The liability of the defendant, Killips, if any, is based upon the fact that he signed an agreement on the back of the order, to repurchase the stock upon the giving of 30 days' notice. The liability of the defendant, Sol N. Bloch, if any, is based upon the fact that his name was signed on the back of said order by his brother, under which it was agreed that the said Bloch also obligated himself to repurchase the stock for the price paid. It is argued that there is no evidence in the record showing that the brother, Bernard H. Bloch, had any authority to sign for his brother, the defendant, Sol N. Bloch. There is evidence in the record, however, showing that after the defendant Bloch's name was signed to said repurchase agreement, a stock certificate was issued by Sol N. Bloch, as president of the company, and it may be that, by this action, he ratified the act and became liable as principal.

The action of assumpsit lies where there is an implied agreement to pay money. It may also lie where the action is based upon a fully executed contract and nothing remains to be done. Where there is some step necessary to be taken before the action will lie, such as a condition precedent, the action should be upon the special undertaking and, in such event, should be pleaded specially. The rule is found in the case of

*Henderson v. Wheaton,* 139 Ill. 581. The court in its opinion in that case said:

"The rule is well settled that 'where an act is to be performed by the plaintiff before the accruing of the defendant's liability under his contract, the plaintiff must aver in his declaration, and prove, either his performance of such condition precedent, or an offer to perform it, which the defendant rejected; or he may aver his readiness to fulfill the condition until the defendant discharged him from so doing, or prevented the execution of the matter which was to be performed by him.' Chitty on Contracts (11th Am. ed.), p. 1083, and cases cited in note. See, also *Frey v. Johnson,* 22 How. Pr. 316; *Sanford v. Cloud,* 17 Fla. 532; *Williams v. Healey,* 3 Denio, 363; *Bank of Columbia v. Hagner,* 1 Pet. 455; *Thorpe v. Thorpe,* 12 Mad. 465; *Savage Manf. Co. v. Armstrong,* 19 Me. 147; *Brown v. Cannon,* 5 Gilm. 174."

No recovery can be had upon an executory contract under the common counts. *Brand v. Henderson,* 107 Ill. 141. If the obligation to pay or perform is to arise only upon request, the request becomes a part of the claim and is a condition precedent to the action. 5 Corpus Juris, page 1391. There was some evidence on the part of the plaintiff that he asked Killips to pay him the money, but there is nothing showing that there was any demand upon the defendant Sol N. Bloch nor any evidence excusing such a demand.

It is our opinion, under the facts in this case, a recovery, if had, must be upon a special count based upon the written instrument with proper allegations of demand for repayment. The trial court heard evidence as to the value of attorney's fees, based upon those counts of the declaration which were predicated upon a violation of the Securities Act. In view of the fact that this court has in this opinion held that there was not sufficient evidence in the record to hold the defendant Bloch under these counts of the declara-

tion, it necessarily follows that this was error. We assume that the court granted the attorney's fees and included the amount in the judgment. It is impossible to say from the record as to whether or not any part of the $2,100 was interest or whether it was the amount paid for the stock plus attorney's fees only.

It has been argued at length that Killips was not a salesman nor agent for the State Discount Company and was not engaged in the sale of its stock. Under the view of this court, as expressed in its opinion, it becomes unnecessary to pass upon this question.

For the reasons expressed in this opinion, the judgment of the circuit court is reversed and the cause remanded for a new trial in conformity with the views herein expressed.

*Judgment reversed and cause remanded.*

HEBEL, P. J., and FRIEND, J., concur.